Royal J. and Mary L. Roberts v. Commissioner.
Roberts v. Commissioner
Docket No. 4340-70 SC.
United States Tax Court
T.C. Memo 1971-282; 1971 Tax Ct. Memo LEXIS 49; 30 T.C.M. (CCH) 1214; T.C.M. (RIA) 71282; November 3, 1971, filed Richard J. Shipley, Esq., for the respondent. DRENNEN
Memorandum Opinion DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $560.96. The only issue for decision is whether petitioners may deduct as ordinary and necessary business expenses certain travel expenses incurred by petitioner Mary in traveling by automobile from her home to the hospital where she was employed as a laboratory and X-ray technician. When this case was called for trial at Anchorage, Alaska, neither petitioners nor any authorized representative of theirs was present in Court. After unsuccessful efforts were made to contact petitioners, the Court asked counsel for respondent what should be done with the case. Counsel for 1215 respondent advised the Court that petitioners *50 and respondent had executed a stipulation of facts and that under the circumstances he would prefer to have the case submitted to the Court for decision on the stipulation of facts rather than to move for a judgment by default for failure on the part of petitioners to properly prosecute their case. The Court agreed to this suggestion and the stipulation of facts with exhibits attached were received in evidence. The stipulated facts are as follows: Petitioners are husband and wife and their legal residence as of the date the petition was filed was at Palmer, Alaska. Their Federal income tax return for the calendar year 1967 was filed with the Director, Internal Revenue Service Center at Ogden, Utah. During 1967 petitioner Mary L. Roberts was employed as a laboratory and X-ray technician at the Valley Hospital in Palmer, Alaska. This employment required that she be on call for 24 hours a day for 5 days each week and also every other weekend. Her only compensation was a percall wage. She received no reimbursement for travel. The round-trip mileage between her residence and the hospital was 25 miles. In connection with Mary's work as a laboratory and X-ray technician, petitioners *51 claimed on their 1967 income tax return deductions for the expenses shown below which were disallowed by respondent in the notice of deficiency: Item
Disallowed
Depreciation - 1964 Vallant
$ 700.00
Gas, oil, etc
484.38
Repairs to car
435.76
Insurance
296.10
Utilities (one-half of $693)
346.50
Vehicle license
30.00
Business license 25.00
$2,317.74
The following deductions were also claimed on the return and were allowed in the notice of deficiency: Item
Allowed
Telephone (one-half of $93)
$ 46.50
Income tax preparation
50.00
Uniforms 132.00
$228.50
No additional evidence was offered by respondent and the case was submitted on the stipulated facts. Counsel for respondent stated that respondent would not contest that the amounts claimed on the return were expended for the purposes indicated - but that it was respondent's position that the expenses were nondeductible commuting or personal living expenses. It is well established that the cost of commuting from a taxpayer's personal residence to her place of employment is not a deductible expense. Secs. 1.62-1(g), 1.162-2(e), 1.262-1(b)(5), *52 (C.A. 9, 1971), affirming . Even though the use of taxpayer's automobile is a prerequisite to her employment, the use thereof for traveling between the taxpayer's residence and place of employment is essentially personal in nature. . This Court has considered this issue under similar factual patterns and has concluded that the expenses were nondeductible. , involved a physician employed as a full-time anesthesiologist in a hospital who had to report immediately to the hospital on call. We held that the automobile expenses incurred in trips between the taxpayer's home and the hospital were nondeductible personal commuting expenses. A similar result was reached in , which involved an electrocardiograph operator in a local hospital who often was on emergency calls. [1]
On a parity of reasoning, we conclude that respondent did *53 not err in disallowing the claimed deductions here involved. Decision will be entered for the respondent. 1216 Footnotes
1. See, also, , where the same result was reached with respect to the travel expenses of a radiological technologist employed by a hospital.↩